IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Nelson Leon Bruce, *Estate of Nelson Leon Bruce*,

    Plaintiff,

v.

Wilmington Savings Fund Society, FSB, *Trustee of Stanwich Mortgage Loan Trust C*; J. Stanley Claypoole, *Title Company*; Carrington Mortgage Services, LLC; Bank of America, N.A.; Bank of America Corporation; Mortgage Electronic Registration System, *MERS*; Government National Mortgage Association, *Ginnie Mae*; Albertelli Law; Dorchester County Register of Deeds; South Carolina Secretary of State; Unknown Does 1-12,000,

    Defendants.

Civil Action No. 2:18-2555-BHH

**ORDER**

    This matter is before the Court upon Plaintiff's pro se complaint, which raises claims challenging the mortgage foreclosure process in Dorchester County, South Carolina. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary determinations. On January 15, 2019, Magistrate Judge Bristow Marchant issued a report and recommendation ("Report") outlining the issues and recommending that the Court dismiss this action without prejudice and without issuance and service of process.

    In his Report, the Magistrate Judge explained that this case relates to a foreclosure action filed against Plaintiff by Defendant Bank of America, N.A., in the Dorchester County Court of Common Pleas. That case was referred to the master-in-equity for Dorchester

County for resolution, but Plaintiff then removed that action to federal court.  The case was remanded to state court, but Plaintiff appealed.  The Fourth Circuit affirmed, and then Plaintiff filed a motion to vacate, which was denied, and Plaintiff again appealed to the Fourth Circuit.  The Fourth Circuit affirmed in an unpublished opinion decided April 29, 2019.  *See Bank of America, N.A. v. Bruce*, No. 2:17-cv-2617-RMG (D.S.C. 2017).

In his Report, the Magistrate Judge further explained that Plaintiff's 70-page complaint filed in this action is subject to dismissal because it is characterized by "legalistic gibberish" and does not include a short and plain statement of the claim showing that Plaintiff is entitled to relief, as required by Rule 8(a) of the Federal Rules of Civil Procedure.  In addition, the Magistrate Judge found that Plaintiff's claims based on a "vapor money" theory, a "no money lent" theory, or a "split the note" argument are frivolous.  The Magistrate Judge also found Plaintiff's reference to real estate mortgage investment conduit ("REMIC") trust law fails to state a claim and that Plaintiff failed to state a valid claim against any of the Defendants pursuant to 42 U.S.C. § 1983.  In all, the Magistrate Judge found Plaintiff's federal claims to be without merit, and he noted that to the extent Plaintiff seeks to enjoin a pending state court action, the Anti-Injunction Act would preclude such relief.  28 U.S.C. § 2283.  Lastly, to the extent Plaintiff seeks to assert claims based on state law, the Magistrate Judge recommended that those claims be dismissed without prejudice so Plaintiff can pursue them in state court if he chooses to do so.

Attached to the Magistrate Judge's Report was a notice advising Plaintiff of his right to file written objections to the Report within fourteen days of being served with a copy.  Plaintiff filed a motion for an extension of time to file objections, which the Court granted, and Plaintiff filed objections on February 28, 2019, along with a motion to compel

arbitration. Plaintiff later filed an amended motion to compel arbitration.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

In his objections, Plaintiff asserts that the parties are currently participating in arbitration and states that he "no longer wishes to proceed in the manner initially sought and requests a stay of the proceedings" as referenced in his motion to compel. (ECF No. 18 at 1.) Plaintiff essentially files a blanket objection to the entirety of the Magistrate Judge's Report, but nowhere does Plaintiff point to any specific factual or legal errors in the Magistrate Judge's analysis, and the Court ultimately Plaintiff's objections without merit. Plaintiff specifically incorporates his motion to compel in his objections, but Plaintiff's motion to compel is largely indecipherable and again does not point to any factual or legal errors in the Magistrate Judge's analysis. After a thorough review of the record, the Court agrees with the Magistrate Judge's analysis and finds that Plaintiff's complaint fails to

satisfy the requirements of Rule 8(a) and fails to state any plausible federal claims against Defendants. To the extent Plaintiff seeks to assert claims based on state law, the Court agrees with the Magistrate Judge that Plaintiff can pursue those claims in state court if he so chooses.

Accordingly, the Court adopts the Magistrate Judge's Report (ECF No. 12) and incorporates it herein; the Court overrules Plaintiff's objections (ECF No. 18); and the Court denies Plaintiff's motion to compel and amended motion to compel (ECF Nos. 19 and 21). Plaintiff's complaint is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce Howe Hendricks
United States District Judge

May 29, 2019
Charleston, South Carolina